

**Damon W. Suden**

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel: (212) 808-7586
Fax: (212) 808-7897
dsuden@kelleydrye.com

June 29, 2021

**By eFile & Email**

Hon. Marian W. Payson
United States Magistrate Judge
2120 Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614
marian_payson@nywd.uscourts.gov

Re: *Cellco Partnership d/b/a Verizon Wireless v. City of Rochester*, No. 6:19-cv-06583-EAW-MWP

Dear Judge Payson:

We represent plaintiff Cellco Partnership d/b/a Verizon Wireless ("Verizon") in the above-referenced action.  We write regarding the City of Rochester's (the "City") pending motion to compel (Dkt. 41 (the "Motion")) to advise the Court that the Supreme Court recently denied the petition for certiorari in *City of Portland v. FCC*, No. 20-1354, 2021 WL 2637868 (U.S. June 28, 2021).

Briefly, the City's Motion seeks discovery intended to determine whether Verizon can afford to pay the fees it challenges.  (Dkt. 41.)  Verizon opposed the City's Motion (Dkt. 43), arguing in part that the discovery sought is irrelevant under the governing standard set forth by the Federal Communications Commission ("FCC") in the *Barriers Order*[1].  In the *Barriers Order*, the FCC ruled that a locality's fees are unlawful unless they are, among other things, a reasonable approximation of the government's objectively reasonable costs that were specifically related to and caused by the deployment of telecommunications facilities in the rights-of-way.  *Barriers Order* ¶¶ 50, 79; *id.* n.131.  In *City of Portland v. United States, t*he Ninth Circuit, exercising exclusive jurisdiction under the Hobbs Act to decide numerous petitions challenging the FCC's Order, affirmed the *Barriers Order*.  969 F.3d 1020, 1037-39, 1048-49 (9th Cir. 2020).

Verizon maintains that the Hobbs Act *Portland* proceedings is the exclusive venue for challenging the validity of the *Barriers Order*, and thus this Court lacks jurisdiction to entertain the City's challenges to the *Barriers Order*.  (Dkt. 43 at 10-13.)  The City disagreed and pointed the Court to the petition for certiorari from the *Portland* decision "[g]iven the centrality of the question of the validity of the [*Barriers*

---

[1] *Accelerating Wireless Broadband Deployment by Removing Barriers to Infrastructure Investment, et al.*, 33 FCC Rcd 9088 (Sept. 27, 2018).

June 29, 2021

*Order*] to the pending motion to compel." (Dkt. 45; *see also* Dkt. 46 (Verizon responding).) During the April 6, 2021 hearing on the City's Motion, the Court noted the pending petition for certiorari and reserved decision on the Motion. (Dkt. 47.)

As noted above, the Supreme Court has now denied the petition for certiorari from the *Portland* decision. *See City of Portland v. FCC*, No. 20-1354, 2021 WL 2637868 (U.S. June 28, 2021). Thus, the Barriers Order has now been fully and finally affirmed and all the arguments raised by the *Portland* petitioners have been rejected. As Verizon explained, the City improperly seeks to raise the very same arguments in this litigation. (Dkt. 43 at 13-16; *see also, e.g.*, Dkt. 45-1 at 27-38 (renewing in petition constitutional challenges and arguments against cost-based standard instead of requiring a provider to show inability to afford fees).) This Court should decline to revisit the same arguments that were litigated before, and rejected by, the Ninth Circuit and should deny the City's Motion.

Respectfully submitted,

Damon W. Suden

cc:   All Counsel of Record